O’NIELL, J.
This is an action for damages for personal injuries suffered by the plaintiff.
The cause of action, set forth in her petition, is that, while she was walking by the place of business of Sam Blum, in New Orleans, a driver in the employ of the Southern Express Company negligently backed an express wagon against a pile of chicken coops, the property of the aforesaid Sam Blum, which he had, negligently and in violation of a municipal ordinance, permitted to remain on the sidewalk, near the curbing; that the wagon knocked down the chicken coops; that the falling coops stiuck an employe of Sam Blum, named Frank Williams, who fell against the plaintiff, and she fell violently to the sidewalk, and was severely injured. She asked for judgment against the express company and Sam Blum, in solido, in the sum of $5,-065. The district court held that Sam Blum was not responsible for the accident, but rendered judgment against' the express company for $550 for the negligence of the company’s employe. The plaintiff and the express company have both appealed.
Opinion.
[1] The judgment appealed from is correct in so far as it exempts Sam Blum from liability for the accident. The plaintiff did not allege in her petition that there was any fault or negligence on the part of Sam Blum’s employé, Williams, in being struck by the falling coops and falling against the plaintiff. The only fault or negligence charged against Mr. Blum, in the plaintiff’s petition, is that he “negligently and in violation of a city ordinance permitted said coops to remain on the sidewalk near the curbing.” The evidence is that he did not, negligently or in violation of any ordinance, permit the said coops to remain on the sidewalk. His employs, Williams, was in the act of carrying the empty coops from the warehouse and placing them on the sidewalk, to be shipped, when the express wagon drove up. Another employs of Mr. Blum, whose duty it was to ship the empty coops, had signaled to the driver of the express wagon, a short distance down the street, to call for the express matter, and then instructed Williams to oring out the coops. Williams carried out two coops and placed them on the outer edge of the sidewalk, one on top of the other, while the wagon was coming a very short distance, and he had brought out the third coop and was placing it, or had just placed it, on top of the others, when the accident happened. On account of the slope of the street toward the curb, the wagon backed down very fast. The tail gate stood out, in a horizontal position, held up by the end chains. Williams, fearing the wagon would strike and break the coops, attempted to get them out of the way; but the tail gate of the wagon cleared the top of the pile of coops and struck Williams on the forehead. He was dazed by the blow, fell against the plaintiff and knocked her down. It was not a violation of any ordinance, nor an act of negligence, to pile the three empty coops on the outer edge of the sidewalk while the express wagon was coming to take them away.
[2] The evidence does not disclose, that there was any fault or negligence on the part *241 of the driver of the express wagon. He did not recklessly back his wagon against the pile of coops and knock them down, as the plaintiff charges. No harm would have befallen any one, from the backing of the wagon, if Williams had not, in his faithful attempt to save his employer’s property that he thought was in danger, got in the way of the tail gate of the wagon. Our opinion is that the express company is not liable for the unfortunate accident.
The judgment in favor of the defendant Sam Blum is affirmed, and the judgment against the defendant Southern Express Company is annulled, and the plaintiff’s suit is dismissed, at her cost.
LECHE, J., takes no part.